# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JASON MATTHEW GOODMAN, et al.,
    Plaintiffs,
v.                                                CV No. 20-57 GJF/CG
CITY OF ALAMOGORDO, et al.,
    Defendants,
_____

JASON MATTHEW GOODMAN, et al.,
    Plaintiffs,
v.                                                 CV No. 20-243 CG/GJF
CITY OF ALAMOGORDO, et al.,
    Defendants,

## **NOTICE OF CONSOLIDATION**

**THIS MATTER** is before the Court *sua sponte*. On January 17, 2020, Plaintiffs filed their Complaint before this Court alleging malicious abuse of process, false arrest, and related allegations of police misconduct against Defendants City of Alamogordo, the Alamogordo Police Department, and Officer Kyle Graham. (CV No. 20-57) (Doc. 1 at 1-15). On March 18, 2020, Defendants removed a State Judicial District Court case initiated by Plaintiffs to federal court. (CV No. 20-243) (Doc. 1 at 1). In their Notice of Removal, Defendants explained "Plaintiffs filed a near identical Civil Complaint" in both the United States District Court and the State Judicial District Court at the same time, on January 17, 2020. *Id.*

As a result of Plaintiffs' duplicative filings in state and federal court, and Defendants' recent removal of the state case to this Court, there are now two nearly identical cases pending before the Court. *Compare* (CV No. 20-57) *with* (CV No. 20-243). Under Federal Rule of Civil Procedure 42(a), a court may consolidate two or more civil actions if the "actions before the court involve a common question of law or fact."

Consolidation may be effectuated as a matter of convenience and judicial economy, and the decision to consolidate two or more cases is soundly within the discretion of the district court. *See Harris v. Illinois-California Exp., Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982); *Skirvin v. Mesta*, 141 F.2d 668, 672-73 (10th Cir. 1944). Before exercising its discretion to consolidate related cases, the Court should consider judicial economy and fairness to the parties. *Harris*, 687 F.2d at 1368.

Here, Plaintiffs, Defendants, and the causes of action set forth in each case are identical. *Compare* (CV No. 20-57) *with* (CV No. 20-243). In addition, consolidation would alleviate the Court's burden of ruling on motions, monitoring discovery, and conducting trial proceedings on the same issues, twice. Moreover, the parties will benefit from only having to litigate one case. As such, the Court finds the interests of judicial economy and equity are both served by consolidating these related cases.

If Plaintiffs or Defendants object to consolidation, they may file written notice of their objections, supported by legal authority, within fourteen days of entry of this Order. If no objections are filed, the Court will direct the Clerk's Office to consolidate the above numbered cases into one civil action, 20cv57.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE